# Milbank

**DANIEL M. PERRY**
*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5083
dperry@milbank.com | milbank.com

DE 107 denied without prejudice in light of DE 108.
SO ORDERED.
Dated: 1/19/2022

*P. Kevin Castel*
United States District Judge

December 3, 2021

**BY ECF**

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *AJ Ruiz Consultoria Empresarial S.A. v. Banco Bilbao Vizcaya Argentaria S.A., et al.*, Case No. 1:21-cv-6018-PKC (S.D.N.Y.) (the "6018 Action"); *AJ Ruiz Consultoria Empresarial S.A. v. Bank of China Limited, et al.*, Case No. 1:21-cv-6020-PKC (S.D.N.Y.) (the "6020 Action")

Dear Judge Castel:

      We write on behalf of Defendants in both the 6018 and 6020 Actions to inform the Court that Defendants intend to move to dismiss the amended complaints that Plaintiff filed on November 17, 2021 (*see* 6018 Dkt. 106 ("6018 Amended Complaint") and 6020 Dkt. 69 ("6020 Amended Complaint")).[1]  Defendants have conferred with Plaintiff and the parties jointly propose the following briefing schedule in both the 6018 and 6020 Actions:  opening briefs due January 14, 2022; opposition briefs due February 18, 2022; and reply briefs due March 11, 2022.  The parties are scheduled to appear before the Court in both actions on December 16, 2021 at 11:00 a.m.  *See* 6018 Dkt. 103; 6020 Dkt. 63.

      **A. The defects in the original complaints have not been remedied.**

      As discussed in Defendants' previous letters, Plaintiff lacks Article III standing because it purports to represent the creditors of entities that had no interest in the challenged transaction or underlying assets (*see* 6018 Dkt. 86 at 3–4; 6020 Dkt. 64 at 3–5); Plaintiff lacks prudential standing under *Wagoner* (*see id.*); Plaintiff's unjust enrichment claim is barred by the applicable three-year statute of limitations (*see* 6018 Dkt. 86 at 4–5); Plaintiff fails to state a claim for unjust enrichment

---

[1] Defendants previously filed pre-motion letters in support of their motions to dismiss Plaintiff's original complaint.  *See* 6018 Dkt. 86; 6020 Dkt. 64.  Defendants incorporate by reference all arguments made in those letters.  Capitalized terms not defined herein have the same meanings as in Defendants' previous correspondence.  *See id.*

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

Hon. P. Kevin Castel
December 3, 2021
Page 2

(*see* 6018 Dkt. 86 at 5–7); the Court lacks personal jurisdiction over some of the Defendants (*see* 6018 Dkt. 86 at 7–8; 6020 Dkt. 64 at 5–6); and some of the Defendants are immune from suit (*see* 6020 Dkt. 64 at 7–10).

In response to the Defendants' pre-motion letters, Plaintiff amended its complaints and added supplemental allegations. None of the new allegations cure the defects in the original pleadings.

Plaintiff has added new allegations relating to Article III standing, claiming that the Schahin Debtors (which Plaintiff supposedly represents) and the Borrowers (which it does not) were a "single integrated economic conglomerate." 6018 Amended Compl. ¶ 43; 6020 Amended Compl. ¶ 88. Its goal appears to have been to create an inference that there is a basis to disregard the corporate separateness between them. Those allegations continue to fall short of showing that the Borrowers' assets somehow should be made available to the creditors of the distinct Schahin Debtors, and the fact remains that Plaintiff has never sought—let alone obtained—this relief in the Brazil bankruptcy proceeding and merely alleges here that it hypothetically could do so. Moreover, Plaintiff lacks standing whether or not the Schahin Debtors and the Borrowers are separate entities. If they are separate entities, so that Plaintiff does not act for the Borrowers, then there is no Article III standing; if Plaintiff does act for the Borrowers, then *Wagoner* precludes prudential standing.

Further, in an unsuccessful effort to plead around the fatal statute of limitations defect, Plaintiff concedes that neither Plaintiff nor the creditors who it purports to represent had a right to the funds that were repaid to the Defendants at the time when that repayment was made in or about September 2014, as required to state a claim for unjust enrichment. Specifically, Plaintiff alleges that the conduct of which it complains did not "harm[] other creditors" until March 2018, and it was only at that point that it "became actionable under Brazilian law." 6018 Amended Compl. ¶ 113; 6020 Amended Compl. ¶ 95. It cannot be that the Defendants' receiving repayment of their valid loans was not unjust enrichment when it occurred but somehow transformed into unjust enrichment at some later time based on the commencement of a bankruptcy case over which they had no control. Nor can these allegations resuscitate Plaintiff's time-barred claim. As Defendants will demonstrate in their motions, to the extent any claim exists under Brazilian law arising out of the Sale-Leaseback Transaction (and it does not), it would have accrued when the transaction was completed in September 2014.

### B. The new aiding-and-abetting claim must be dismissed.

Plaintiff adds a second claim for aiding-and-abetting breach of fiduciary duty to the amended complaints. Plaintiff alleges that Eonio Rocha and Gustavo Shinohara—the CEO and CFO, respectively, of two Schahin Group entities—breached their fiduciary duties to the Schahin Group. Specifically, Plaintiff alleges that in connection with the September 2014 Sale-Leaseback Transaction, Rocha and Shinohara agreed to sell the oil rigs, the *Amazonia* and *Pantanal*, to a subsidiary of the Industrial and Commercial Bank of China ("ICBC") for less than their appraised

Hon. P. Kevin Castel
December 3, 2021
Page 3

value with knowledge that the Schahin Group was in financial distress. 6018 Amended Compl. ¶¶ 70, 127–128; 6020 Amended Compl. ¶¶ 55, 108–109. Plaintiff alleges that, while negotiating the Sale-Leaseback Transaction, Rocha and Shinohara were "secretly plotting to leave the organization and start their own firm" called "Bambu," which would work with ICBC to operate the oil rigs after the Schahin Group went out of business, and did so in June 2015. 6018 Amended Compl. ¶¶ 88, 96; 6020 Amended Compl. ¶¶ 69, 77. Plaintiff alleges that Defendants aided and abetted Rocha's and Shinohara's breaches by "participat[ing] in the sale-leaseback" and getting repaid the money they were owed. 6018 Amended Compl. ¶ 129; 6020 Amended Compl. ¶ 110.

This new claim fails for several reasons.[2]

### 1. Plaintiff lacks standing to bring the new claim.

The same standing problems that afflict the unjust enrichment claim also defeat the new aiding-and-abetting claim. Plaintiff purports to represent creditors of the Schahin Debtors, even though the Debtor entities did not own the rigs and so their creditors could not have been damaged when entirely separate entities, the Borrowers, disposed of their assets. In addition, even if Plaintiff represents creditors of the Borrowers here, its claims fail under *Wagoner* and the *in pari delicto* doctrine because the Borrowers participated in the very transaction that is challenged. *See In re Mediators, Inc.*, 105 F.3d 822, 825–27 (2d Cir. 1997) (creditors' committee claim for aiding-and-abetting breach of fiduciary duty barred under *Wagoner*); *In re Magnesium Corp. of Am.*, 399 B.R. 722, 757–64 (Bankr. S.D.N.Y. 2009) (same).

### 2. The new claim fails as a matter of law.

The claim should be dismissed for at least two independent reasons under New York law.[3] *First*, the claim is time-barred. As with the unjust enrichment claim, the statute of limitations for a claim of aiding-and-abetting breach of fiduciary duty is either three or six years depending "on the substantive remedy sought." *Kaufman v. Cohen*, 307 A.D.2d 113, 118 (1st Dep't 2003).[4] Where the remedy is equitable in nature, the statute of limitations is six years; where money damages are sought, the statute of limitations is three years. *Id.*

---

[2] Defendants reserve the right to expand upon the arguments herein and advance additional arguments in their motion to dismiss briefing.

[3] Plaintiff takes no position on what law applies to the aiding-and-abetting claim, and Defendants reserve the right to argue that Brazilian law applies and requires dismissal. *See, e.g., In re Estrategias en Valores, S.A.*, 628 B.R. 722, 735–36 (Bankr. S.D. Fla. 2021) (dismissing claim of aiding-and-abetting breach of fiduciary duty where Columbian law, which had the greatest interest, did not recognize such a cause of action).

[4] "The statute of limitations for a claim of aiding and abetting a breach of fiduciary duty is the same limitations period that would apply to the underlying breach." *Balta v. Ayco Co., LP*, 626 F. Supp. 2d 347, 359 (W.D.N.Y. 2009).

Hon. P. Kevin Castel
December 3, 2021
Page 4

As explained in our earlier letters, although Plaintiff frames its claim as one for "restitution," Plaintiff really is seeking money damages in the amount Defendants received in satisfaction of their loans to the Borrowers. Plaintiff even concedes that it is seeking legal remedies: despite the label used in the prayer for relief, the amended complaints both demand a jury trial. *See* 6018 Amended Compl. ¶ 133; 6020 Amended Compl. ¶ 114.[5] Courts have applied the three-year statute of limitations in similar cases. *See, e.g., Grynberg v. Eni S.p.A.*, 2007 WL 2584727, at *3 (S.D.N.Y. Sept. 5, 2007). Plaintiff's claim accrued in September 2014 when the Sale-Leaseback Transaction closed. Plaintiff's claim thus expired in September 2017—three years after the alleged breach of fiduciary duty and well before the filing of the original complaints.

*Second*, Plaintiff fails to state a claim for aiding-and-abetting breach of fiduciary duty under New York law. The elements of such a claim are: (1) the breach of the fiduciary duties of another, of which the defendant had "actual knowledge;" (2) "that the defendant knowingly induced or participated in the breach;" and (3) "that plaintiff suffered damages as a result of the breach." *In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir. 2005) (quoting *Kaufman*, 307 A.D.2d at 125) (internal quotations omitted).

Plaintiff does not allege that Defendants had "actual knowledge" of anything related to Rocha's and Shinohara's alleged self-dealing until ***a year after*** Defendants were repaid on their loans, long after the Sale-Leaseback Transaction had closed. *See* 6018 Amended Compl. ¶ 97; 6020 Amended Compl. ¶ 78. This is insufficient as a matter of law. *Cf. 111 W. 57th Inv. LLC v. 111 W57th Prop. Owner LLC*, 2020 WL 1079044, at *1 (N.Y. Sup. Ct. Feb. 28, 2020), *aff'd* 188 A.D.3d 590 (1st Dep't 2020) ("At most, plaintiff alleges that, months after plaintiff's injury occurred, defendant was instrumental in Spruce's payment of what plaintiff alleges was Stern and Maloney's bribe. . . . Such an alleged after-the-fact payment constituted neither an inducement, nor a participation[.]").[6]

Plaintiff fails to plead facts sufficient to show Defendants' "inducement" of the alleged breach. Inducement occurs when an alleged aider and abettor provides "substantial assistance" to the primary violator. *In re Sharp*, 403 F.3d at 50 (quoting *Kaufman*, 307 A.D.2d at 126). "Substantial assistance may only be found where the alleged aider and abettor 'affirmatively assists, helps conceal, or fails to act when required to do so, thereby enabling the breach to occur.'" *Id.* (quoting *Kaufman*, 307 A.D.2d at 126). Plaintiff alleges that Defendants benefitted from the Sale-Leaseback Transaction itself—*i.e.*, when their collateral was refinanced and they received a repayment of exactly what they were owed. *See* 6018 Amended Compl. ¶¶ 71, 74; 6020 Amended Compl. ¶¶ 56, 59. These allegations are insufficient. As the Second Circuit has squarely held, just

---

[5] As before, Defendants do not concede that a jury trial is available but raise this point to demonstrate that the nature of the relief sought in the amended complaints is legal, thereby rendering all claims untimely.

[6] Plaintiff's allegation that Defendants should have known that Rocha and Shinohara sold the rigs to ICBC for less than their true value (*see* 6018 Amended Compl. ¶ 129; 6020 Amended Compl. ¶ 110) is similarly insufficient to show actual knowledge of a breach of fiduciary duty.

Hon. P. Kevin Castel
December 3, 2021
Page 5

as the repayment of a valid debt is not "unjust enrichment," so too does it fail to rise to the level of "inducement" of a breach of fiduciary duty. *In re Sharp*, 403 F.3d at 51 ("[T]he demand for repayment of a bona fide debt is not a corrupt inducement that would create aider and abettor liability."). Plaintiff can show nothing more than Defendants' participation in an arm's length negotiation, which cannot give rise to a claim for aiding-and-abetting breach of fiduciary duty as a matter of law. *See In re Tronox Inc.*, 450 B.R. 432, 444 (Bankr. S.D.N.Y. 2011).

Plaintiff also fails to plead damages, another essential element of its new claim. Since the Schahin Debtors were distinct entities from the Borrowers, they and their creditors were not damaged by a sale of the Borrowers' assets—for fair value or otherwise.

### 3. The new claim fails for jurisdictional reasons.

Defendants who have personal jurisdiction and immunity defenses with respect to Plaintiff's unjust enrichment claim also have those same defenses with respect to Plaintiff's new aiding-and-abetting claim. As for personal jurisdiction, the amended complaints do not allege a sufficient connection between the conduct underlying the new claim and New York. For purposes of immunity, the new claim is not premised on commercial activity of *Defendants*—instead it is based on the activity of the Borrowers and two alleged fiduciaries of Schahin group entities. And, obviously, the gravamen of any breach of fiduciary duties claim lies in Brazil.

\* \* \*

We look forward to appearing before the Court on December 16, 2021 to discuss any questions the Court may have.

Sincerely,

MILBANK LLP

By: */s/ Daniel M. Perry*
Daniel M. Perry
dperry@milbank.com
Alexander B. Lees
alees@milbank.com
Alison Bonelli
abonelli@milbank.com

*Attorneys for Defendants Banco Bilbao Vizcaya Argentaria, S.A., Banco Bilbao Vizcaya Argentaria, S.A., Grand Cayman Branch, Caterpillar Financial*

Hon. P. Kevin Castel
December 3, 2021
Page 6

*Services Corporation, Credit Industriel et Commercial, Deutsche Bank AG, London Branch, Deutsche Bank Trust Company Americas, Hamburg Commercial Bank AG, Intesa Sanpaolo, S.p.A., New York Branch, Itau BBA International PLC, Mizuho Bank, LTD, Standard Chartered Bank, Unicredit Bank AG, Dexia Credit Local SA, and KfW*

SULLIVAN & CROMWELL LLP

By:   */s/ Amanda Flug Davidoff*
    Amanda Flug Davidoff
    davidoffa@sullcrom.com

*Attorney for Defendant Nomura Corporate Funding Americas, LLC*

MASUDA, FUNAI, EIFERT & MITCHELL, LTD.

By:   */s/ David J. Stein*
    David J. Stein
    dstein@masudafunai.com
    Jiwon J. Yhee
    jyhee@masudafunai.com

*Attorneys for Defendant Mitsubishi HC Capital (U.S.A.) Inc., f/k/a Mitsubishi UFJ Lease & Finance (U.S.A.) Inc.*

MAYER BROWN LLP

By:   */s/ Christopher J. Houpt*
    Christopher J. Houpt
    choupt@mayerbrown.com
    Matthew D. Ingber
    mingber@mayerbrown.com

Hon. P. Kevin Castel
December 3, 2021
Page 7

*Attorneys for Defendant Mitsubishi Corporation*

SIDLEY AUSTIN LLP

By: ___*/s/ Jeffrey T. Green*___
Jeffrey T. Green (admitted pro hac vice)
jgreen@sidley.com
Joshua W. Moore (admitted pro hac vice)
joshua.moore@sidley.com
Marisa S. West (admitted pro hac vice)
mwest@sidley.com

*Attorneys for Defendant International Finance Corporation*

DORSEY & WHITNEY LLP

By: ___*/s/ Lanier Saperstein*___
Lanier Saperstein
saperstein.lanier@dorsey.com

*Attorney for Defendant Bank of China Limited*

LAW OFFICE OF STEVEN J. FINK PLLC

By: ___*/s/ Steven J. Fink*___
Steven J. Fink
steven.fink@sjfinkpllc.com

*Attorney for Defendant Portigon AG*

cc:        All Counsel of Record (via ECF)